THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARVEL W. BARROW, | ) | Case No.  1:09CV00053 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | MEMORANDUM DECISION |
| COUNTRYWIDE HOME LOANS, INC., and JOHN DOES 1-10 | ) | AND ORDER |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

On or about March 25, 2005, Countrywide Home Loans, Inc. ("Countrywide"), loaned Plaintiff $295,500.00, to acquire a residence located at 6835 West 900 South, Ogden, Utah.  The loan was secured by a Deed of Trust.  On April 27, 2009, Plaintiff filed a complaint in this court purporting to allege claims for fraud and conspiracy, and negligence and also seeking recision for alleged violations of federal and state laws.

Pursuant to Fed. R. Civ. P. 12(b)(6), Countrywide moves to dismiss Plaintiff's Complaint for failure to allege facts sufficient to support any viable, plausible claims against it. For the reasons that follow, the Motion is granted.

## II.   STANDARD OF REVIEW

In *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court changed the way a motion to dismiss is analyzed. Previously, a complaint was sufficient "unless it appeared without a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   After *Twombly* the complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Twombly*, 127 S.Ct. at 1965.  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984).

### III.   DISCUSSION

**A.   Truth in Lending Act Claims (First Cause of Action)**

Plaintiff alleges that under the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* (the "Act"), and its implementing regulations, 12 C.F.R. § 226.1 et seq., Countrywide was obligated, but failed, to disclose the annual percentage rate ("APR"), the origination fees and the "right to rescind the loan transaction". Compl. ¶¶ 11-14. Plaintiff seeks damages, rescission of the loan and attorney's fees

As outlined by Countrywide in its pleadings, the APR and origination fee disclosure requirements of 12 C.F.R § 226.32, upon which Plaintiff relies, do not apply to any "residential mortgage transaction."  *See* 12 C.F.R § 226.32(a)(2)(I); § 226.2(a)(24; and, 15 U.S.C. § 1602(w).    Likewise, the right to rescind a loan transaction and ancillary disclosure obligations do not apply to a residential mortgage transaction.  12 C.F.R. § 226.23(f); 15 U.S.C. § 1635(e).    It is undisputed that the loan at issue was a residential mortgage transaction.

Notwithstanding Plaintiff's argument to the contrary, the Court also agrees with Defendant that "[w]hatever rescission right [15 U.S.C.] Section 1635(i)(1) creates, ... [that right] is on its face only 'equivalent to other rescission rights provided by [Section 1635],' not the entire Act as Plaintiff claims." Reply p.5.  Since § 1635 by its clear language does not apply to residential mortgage

transactions, the regulations on which Plaintiff relies do not apply.

Plaintiff's claim under the Act also fails as a matter of law because any claim for violation of the Act must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the violation, if any, occurred at the loan closing on or about March 25, 2005. Plaintiff's Complaint was not filed until April 27, 2009, more than three years later. Plaintiff's claim, therefore, is barred by the statute of limitations.

Plaintiff's position that the Act's extended right to rescind is available to him is rejected. As discussed, that extended right does not apply to residential mortgage transactions such as the loan at issue. Even assuming arguendo that the three year extended rescission limitations period provided by the Act, 15 U.S.C. § 1635(f), were available to Plaintiff, it would be inapplicable here because Plaintiff filed his Complaint more than three years after the loan closing.

     **B.  Fraud and Conspiracy to Defraud ( Third Cause of Action)**

In support of his fraud and conspiracy to defraud claim, Plaintiff alleges, among other allegations, the following:

> .... Countrywide conspired with its employees and agents including independent contractors it retained, to defraud Plaintiff by providing a loan that he could not qualify for in order to inflate the value of Countrywide's loan portfolio that was being sold to the securities market.
> ...

> In furtherance of the fraudulent scheme, Countrywide's agents engaged in unlawful and criminal activities including, but not limited to, its agents acting to falsify and fabricate verification of deposits, employment and credit reports to enable Plaintiff to qualify for the loan.

Compl.¶¶ 26, 31. Plaintiff seeks voidance of the trust deed.

The Court agrees with Defendant that Plaintiff's allegations are mere conclusions and speculative allegations regarding a purported scheme by which unnamed Countrywide agents conspired with various other unnamed parties to give Plaintiff a loan in order to increase Countrywide's "loan portfolio". *See* Compl. ¶¶ 27-33. As such the Complaint fails to state a claim for fraud, which must show "'a false representation of an existing material fact made knowingly or recklessly for the purpose of inducing reliance thereon, upon which there was reliance thereon, upon which there was reliance to the innocent party's detriment.'" *DeBry v. Cascade Enters.*, 879 P.2d 1353, 1358 (Utah 1994)(citation omitted).

In addition, under Fed. R. Civ. P. 9, fraud must be plead with particularity. When pleading a fraud claim, a plaintiff must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof'". *Schwartz v. Celestial Seasonings,* 124 F.3d 1246, 1252 (10th Cir. 1997)(citation omitted). Plaintiff's Complaint makes no specific allegations specifying what representation was made, who it was made by, the content of the

alleged representation, or any of the other requisite elements to plead fraud.

To state a claim for conspiracy, the Complaint must also set forth facts showing "'(1)a combination of two or more persons, (2)an object to be accomplished, (3)a meeting of the minds on the object or course of action, (4)one or more unlawful, overt acts, and (5)damages as a proximate result thereof.'" *Orient Mineral Co. v. Bank of China*, 506 F.3d 980, 1004 (10th Cir. 2007)(citation omitted), *cert. denied*, 128 S. Ct. 2872 (2008). Plaintiff has failed to sufficiently plead any of the elements listed above.

**C. State Law Claim for Rescission (Second Cause of Action).**

Because Plaintiff bases his claim for rescission on his fraud and conspiracy claim, which the Court has concluded fails to state a claim for relief, the fraud and conspiracy claim cannot form the basis for a right to rescission.

Likewise, Plaintiff's assertion that rescission is warranted due to mutual mistake as to the present value of the property also fails. Plaintiff alleges that at the time of the loan transaction, the parties believed the property had a value of $300,000.00, whereas at the time of the filing of the Complaint in April 2009, the property is believed to have a value of only $150,000.00. Compl. ¶¶ 20-23. To assert a claim for mistake, the complaint must set forth facts that show that "both parties, at the time of contracting, share a misconception about a basic assumption or vital

fact upon which they based their bargain". *England v. Horbach*, 944 P.2d 340, 343 (Utah 1997)(internal quotation marks and citations omitted). A mutual mistake "must concern a past or existing fact, not a future contingency". *Deep Creek Ranch, LLC v. Utah State Armory Bd.*, 178 P.3d 886, 890 (Utah 2008). Such is not the case here.

Moreover, Plaintiff has no claim for rescission as he has not tendered a return of the loan proceeds to Countrywide. Rescission is an equitable remedy "that attempts to return parties to the status quo." *Anderson v. Doms,* 75 P.3d 925, 929 (Ut. App. 2003). It generally is necessary, therefore, for the party seeking rescission to tender a return to the status quo that existed before the contract. *See 50 W. Broadway Assocs. v. Redevelopment Agency,* 784 P.2d 1162, 1170-71 (Utah 1989).

**D. Negligence Claim (Fourth Cause of Action)**

Plaintiff alleges the "Defendants had control over verification of all financial information and to make sure any rules and procedure to prevent fraud had been observed and followed by all its agents. Defendants had the responsibility and duty to protect Plaintiff and the public from fraudulent acts of its agents." Compl. ¶45. The Court agrees with Defendant that "Plaintiff's conclusory allegations fall far short of stating a non-speculative claim for negligence." Mem. Supp. p. 12.

## IV. CONCLUSION

For the reasons explained above, as well as for those additional reasons set forth by Defendant in its pleadings, all of Plaintiffs' claims fail under Rule 12(b)(6), and Countrywide's Motions to Dismiss (Doc. #3) must be granted.

**IT IS SO ORDERED.**

DATED this 14th day of October, 2009.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT